JOSEPH GRIBBIN AND DORIS GRIBBIN, PLAINTIFFS-RESPONDENTS, v. SAMUEL FOX, DEFENDANT-APPELLANT.

Submitted May 4, 1943—Decided July 20, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the defendant-appellant, *Altman & Backer* (*Samuel Backer*, of counsel).

For the plaintiffs-respondents, *Philip Monheit*.

The opinion of the court was delivered by

COLIE, J.  Appellant, Samuel Fox, appeals from a judgment entered against him in the Atlantic County Court of Common Pleas in the amount of $1,093.27.  The jury awarded $500 to plaintiff Doris Gribbin and $500 to her husband, Joseph Gribbin, for consequential damages.

The plaintiff Doris Gribbin, in the late afternoon of November 30th, 1941, when it was dark, was walking northerly along New Jersey Avenue in Atlantic City.  At a point between Pacific and Atlantic Avenues, she attempted to cross from the easterly to the westerly side.  She says that she made an observation but saw no car approaching and con-

tinued across the street in a diagonal direction; that when she got to a point just beyond the center of New Jersey Avenue, she then saw, out of the corner of her eye, a headlight a foot or two away from her. The defendant's version of the accident is that he was driving easterly on Pacific Avenue and made a left-hand turn into New Jersey Avenue. This would place his car so that it approached the plaintiff from the rear. His version of the accident is that he saw the plaintiff when she was about 25 feet from his automobile and at that time she was on the sidewalk in a position of safety; that when he was but six feet away from her, she rushed from the sidewalk into the path of his automobile; that he applied his brakes, swerved to the left to avoid her but did not succeed.

Motions for nonsuit and direction of verdict in favor of the defendant on the grounds that there was no proof of defendant's negligence and that, as a matter of law, plaintiff was guilty of contributory negligence, were made and denied.

There were disputed facts as to how this accident happened and both the defendant's negligence and the plaintiff's contributory negligence were questions for the decision of the jury, and hence there was no error in the denial of the aforesaid motions.

We are also asked to reverse on the ground that the trial court admitted, over the defendant's objection, evidence from the plaintiff Doris Gribbin and from two medical witnesses in the case, dealing with a retroverted uterus alleged to have resulted from the accident. The ground of objection is that this evidence was inadmissible because it went beyond the list of injuries furnished by the plaintiff in answer to a demand therefor by the defendant. The defendant asked the plaintiff to specify the nature, extent and probable duration of the injuries sustained and in answer thereto, she said, among other things, that she sustained a severe injury to her abdomen. The trial court admitted the challenged testimony as being within the scope of the answer to the demand for particulars and we think correctly so. The abdomen is the large interior cavity of the trunk which, among other organs, contains the uterus, and, as pointed out above, the

bill of particulars specifically set forth that she had sustained an injury to her abdomen.

We are urged to reverse on the further ground that the court erred in refusing to strike certain of the testimony of a medical witness. The witness had testified to a deficiency in the hemoglobin content of plaintiff's blood and was asked whether he could state the cause. His answer was: "Not definitely, no. I can state this much, that that was taken about three or four weeks after the time that she was injured, and she had had serum sickness, and she had not been eating properly, and I think there is a possible explanation of it that way." A motion was then made on behalf of the defendant that the answer be stricken on the ground that it was based entirely on a possibility and therefore of no probative force. The court permitted the evidence to stand. We are of the opinion that this evidence was improperly admitted in that all that it did was to establish a possible cause for the condition and it failed to negative other possible causes. See *Houston* v. *Traphagen,* 47 *N. J. L.* 23; *Eastlack* v. *Mitten,* 109 *Id.* 556. Upon an examination of the whole case, we do not believe that the admission of this testimony was reversible error. Plaintiff was taken immediately to the hospital where a laceration in her scalp was stitched and a drain inserted, lacerations and abrasions on her knee and ankle were treated and she was given an anti-tetanus injection which resulted in a violent reaction. Altogether, Mrs. Gribbin was confined to bed for two weeks and at the end of three weeks was able to return to her work as a switchboard operator. She underwent a considerable amount of pain and suffering. The jury awarded her $500 and in view of what she went through, we think the award of as small a sum as $500 negatives the idea that any harm resulted to the defendant by reason of the doctor's testimony that the low blood count was possibly due to the aftermaths of the injury. We believe that the error did not injuriously affect the substantial rights of the defendant and it is therefore not proper ground for reversal. *R. S.* 2:27–363. *Cf. Hutchinson* v. *Jersey Central Traction Railroad Co.,* 1 *N. J. Mis. R.* 278, in which the Supreme Court on a rule to show cause took into considera-

tion the large size of a jury verdict in determining that the erroneous admission of certain evidence was prejudicial to the defendant. We have examined the charge and deem it a well-considered statement of the apposite law. The alleged errors in the charge relate to matters on which the court either correctly charged, or, in the case of his refusals to charge, had already covered the subject-matter in his own words.

The judgment under appeal is affirmed, with costs.